**James W. CONWAY, Movant,**

v.

**Ruby HUFF, Respondent.**

Supreme Court of Kentucky.

Dec. 14, 1982.

Rehearing Denied Feb. 16, 1983.

Harold K. Huddleston, Huddleston & Van Zant, P.S.C., Elizabethtown, for movant.

Rebecca Swope Kimball, Philip C. Kimball, Lawrence, Chambers & Marshall, Louisville, for respondent.

AKER, Justice.

Respondent, Ruby Huff, brought a legal malpractice action against the movant, James W. Conway, an attorney, alleging that Conway had negligently represented her in a dissolution of marriage action. The Bullitt Circuit Court sustained Conway's motion for summary judgment on the grounds that the action was barred by the statute of limitations. The Court of Appeals reversed and we granted discretionary review.

The marriage was dissolved by a judgment of the Bullitt Circuit Court on December 27, 1979. Dissatisfied with her award under this judgment, she consulted another attorney in January, 1980. She testified in this action that she was told on her first consultation with him that she had been poorly or inadequately represented by Mr. Conway in the dissolution proceeding. The attorney that she consulted, Mr. Richard Porter, testified that his first meeting with Huff was on January 18, 1980. According to Huff's testimony, she was not told by Porter until six weeks later that she could bring an action against Conway for legal malpractice. However, she also testified that Porter may have told her that he thought she had a good malpractice case against Conway during the first meeting with Porter. Huff filed her legal malpractice case against Conway on January 22, 1981.

KRS 413.245 provides that actions for professional malpractice be brought within one year from the date of occurrence or from the date that the cause of action was, or reasonably should have been, discovered by the party so injured. The question to be resolved is when the statute of limitations started to run. Conway urges us that it began to run on January 18, 1980, the date that Huff was told that she had been poorly or inadequately represented. Huff urges that the statute did not start to run until approximately six weeks after January 18, 1980, the time that she was told by Porter that she had a legal malpractice action against Conway. For purposes of summary judgment we shall disregard her testimony that she may have been told this on January 18, 1980, during her first meeting with Porter.

We must now decide if knowledge that one has been wronged starts the running of the statute of limitations or if knowledge that the wrong is actionable starts the running of the statute of limitations. We conclude, under the facts of this action that the statute of limitations started to run on January 18, 1980, at which time Huff was told that she had been poorly or inadequately represented by Conway.

The situation here is analogous to the "discovery" theory utilized in determining whether the statute of limitations has run in medical malpractice cases. Does the statute start to run when the surgery patient discovers the sponge or when an attorney tells the patient that legal action lies against the surgeon? Obviously the answer must be with the discovery that a wrong has been committed and not that the party may sue for the wrong. This conclusion is supported by the holdings in *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970); *Hackworth v. Hart*, Ky., 474 S.W.2d 377 (1971); and *Louisville Trust Co. v. Johns-Manville Products*, Ky., 580 S.W.2d 497 (1979).

Thus, we hold that the statute of limitations on Huff's claim against Conway started to run on January 18, 1980, the day that she discovered that she may have been poorly or inadequately represented, and her claim against Conway was barred by KRS 413.245 because it was not filed within one year of discovery of the alleged wrong.

Therefore, the decision of the Court of Appeals is reversed and the judgment of the Bullitt Circuit Court is affirmed.

All concur.