**James E. HIBBARD, Appellant,**

v.

**Coleman TAYLOR, Appellee.**

**No. 91–SC–799–DG.**

Supreme Court of Kentucky.

Sept. 24, 1992.

Edward H. Stopher, Raymond G. Smith, Robert D. McClure, Boehl Stopher Graves & Deindoerfer, Louisville, for appellant.

C. Gerald Martin, Martin & Webb, P.S.C., Winchester, for appellee.

COMBS, Justice.

The issue presented by this professional negligence case is whether the action is barred by statutory time limitations. Attorney Hibbard represented Taylor in an action wherein Taylor sought to rescind a contract to purchase a piece of heavy equipment, alleging that the seller had misrepresented the age of the equipment. Trial was conducted on February 9, 1988, and resulted in a directed verdict against Taylor for having failed to produce any evidence that the alleged misrepresentation was a material one.

The judgment was appealed, Hibbard continuing to represent Taylor. On August 4, 1989, the Court of Appeals rendered an opinion affirming the action of the trial court. Hibbard notified Taylor of that decision on August 7. No petition for rehearing or motion for discretionary review was filed, and the appellate decision became final on August 25, 1989. Hibbard represented Taylor in the underlying action until November of 1990.

Taylor filed the present malpractice action against Hibbard on August 24, 1990. On Hibbard's motion, the trial court dismissed the suit as time-barred under KRS 413.245, reasoning:

The alleged malpractice occurred on February 9, 1988, the date of the trial which resulted in a directed verdict. The allegations of malpractice concern the 1988 trial, not the subsequent appeal. Plain-

tiff was present at the trial and was aware of the result thereof. If malpractice occurred, resulting in the directed verdict complained of, then the directed verdict itself was the notice to Plaintiff herein that he had been wronged which started the statute of limitations running.

The Court of Appeals reversed, concluding that, because damage is necessarily speculative during the pendency of appeal, a cause of action for legal malpractice does not accrue until the appellate process is final. We granted discretionary review, and affirm the result of the Court of Appeals.

KRS 413.245 provides, in relevant part:

[A] civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

Predictably, each party finds the statute to be perfectly consistent with his own position. It is obvious to Hibbard that the "date of occurrence" of any malpractice was February 9, 1988, the date of the trial, or at least no later than February 17, 1988, when the judgment was entered. Hibbard insists that Taylor "discovered" the alleged malpractice when the directed verdict was entered, or no later than August 7, 1989, when informed of the Court of Appeals' decision; and that Taylor was "injured" by entry of an adverse judgment (which included a money judgment on the seller's counterclaim on the contract) and the expense of appeal (including the cost of his supersedeas bond).

It is equally obvious to Taylor that his "cause of action" cannot have been discovered before it accrued, that it could not accrue until he was in fact injured as a proximate result of the malpractice, and that his injury was merely speculative until the finality of the appeal.

Hibbard relies heavily on the decision in *Conway v. Huff*, Ky., 644 S.W.2d 333 (1982). Conway had represented Huff in a divorce action, judgment entered December 27, 1979. Unhappy with her award, Huff consulted another attorney, who told her on January 18, 1980, that she had been poorly represented. Some weeks later, the new attorney advised that she might have a malpractice action. The suit was filed on January 21, 1981. The issue was whether the one-year statutory limitations period began to run on January 18, 1980 (when she was told of the malpractice), or weeks later (when she was told of her right to bring suit). It was held that:

[T]he statute of limitations on Huff's claim against Conway started to run on January 18, 1980, the day that she discovered that she may have been poorly or inadequately represented, and her claim against Conway was barred by KRS 413.245 because it was not filed within one year of discovery of the alleged wrong.

The rationale was this:

The situation here is analogous to the "discovery" theory utilized in determining whether the statute of limitations has run in medical malpractice cases. Does the statute start to run when the surgery patient discovers the sponge or when an attorney tells the patient that legal action lies against the surgeon? Obviously the answer must be with the discovery that a wrong has been committed and not that the party may sue for the wrong.

We, too, find the *Huff* decision enlightening, but in our view it supports Taylor rather than Hibbard. We cannot agree that Taylor "discovered the sponge" when the judgment was entered, any more than Huff did. Huff discovered the cause of action—that is, that malpractice may have occurred—when her attorney (presumably qualified to judge) opined as to Conway's poor performance. Taylor's attorney—until November 1990, Hibbard—never advised him of any sub-par representation. Indeed, Hibbard prosecuted an appeal. As an appellate Court, we must assume that Hibbard's professional judgment was that the trial court, not Taylor's counsel, had erred. May we, or may Hibbard, fault Taylor for

relying upon that professional judgment within the continuing attorney-client relationship? May we charge a layman with knowledge that legal malpractice has occurred, when trained counsel insists that the fault lay with the trial court, and that the result may well be reversed? We think that we may not.

Had Hibbard refused to handle the appeal, indicating to the client that the trial court had ruled correctly, it might cogently be argued that Taylor then "discovered the sponge," and, there being no appeal, also realized injury proximately caused by counsel's actions rather than by judicial error. But, at least facially, it would appear inconsistent for any counsel, either Hibbard or a replacement, to assign error to the court and malpractice to the attorney on the same issue. In *Huff*, for example, there was no appeal, although the time had not expired when Huff consulted a second attorney. Generally, in prosecuting an appeal, an attorney tells the client that the sponge was left by the trial court, not by trial counsel, and that any harm (e.g., cost of appeal, bond, adverse judgment) is *damnum absque injuria*. While exceptions may be conceived, none appears in this case—it seems very unlikely that Taylor was professionally advised that he had been wronged by anyone save the court.

It is evident to us that Taylor discovered his cause of action when he reasonably should have—when the result of the appeal became final and the trial court's judgment became the unalterable law of the case. Only then was Taylor put on notice that the principal damage (the adverse judgment) was real; but more importantly, only then could he justifiably claim that the entire damage was proximately caused by counsel's failure, for which he might seek a remedy, and not by the trial court's error, for which he would have none. The action against Hibbard was filed within one year after the discovery of the cause of action, and therefore satisfied KRS 413.245.

The decision of the Court of Appeals is affirmed, and the matter is remanded to Laurel Circuit Court with directions to reinstate the action.

STEPHENS, C.J., and LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

SPAIN, J., dissents by separate opinion, in which WINTERSHEIMER, J., joins.

SPAIN, Justice, dissenting.

Respectfully, I dissent. The trial court correctly concluded that the malpractice suit filed by Taylor against his former attorney, Hibbard, was barred under the one-year statute of limitations, KRS 413.245. Notice of an "occurrence" accrued when the trial court granted the directed verdict motion against Taylor, and not when the appellate process had been completed as the majority has opined. Taylor "reasonably should have ... discovered" his alleged "injury" on February 9, 1989, at trial or, at the latest, on February 17, 1989, the date the judgment was entered. It became time-barred on February 17, 1990.

If, indeed, attorney Hibbard was guilty of any legal malpractice, it concededly occurred before any appeal. Furthermore, such malpractice, if any, was not affected by what happened on appeal. If an attorney's negligence causes the loss of a case, it is no less so because an appellate court reverses the trial court. Similarly, an attorney who practices a case free of negligence is not thereafter guilty of malpractice retroactively simply because he loses it on appeal.

The majority's misapplication of KRS 413.245 will now allow disgruntled clients to bring stale and frivolous claims against their attorneys.

WINTERSHEIMER, J., joins in this dissent.