**James Hunt BARKER, Appellant,**

v.

**Thomas MILLER; Miller, Griffin & Marks, P.S.C.; Sturgill, Turner & Truitt; Don Sturgill; Ann Sturgill; and Patrick Maloney, Appellees.**

No. 94–CA–001983–MR.

Court of Appeals of Kentucky.

March 22, 1996.

**750**

William Lloyd Turner, Louisville, on brief and oral argument, for Appellant.

Robert S. Miller, Thomas W. Miller, Lexington, on brief, for Appellees, Thomas A. Miller and Miller, Griffin & Marks, P.S.C.

Edward H. Stopher, Richard W. Edwards, Boehl, Stopher & Graves, Louisville, on brief, for Appellees, Sturgill, Turner & Truitt, Don S. Sturgill, Ann Sturgill and Patrick Maloney.

Thomas W. Miller, Lexington, on oral argument, for Appellee, Thomas A. Miller and Miller, Griffin & Marks, P.S.C.

Richard W. Edwards, Boehl, Stopher & Graves, Louisville, on oral argument, for Appellees, Sturgill, Turner & Truitt, Don S. Sturgill, Ann Sturgill and Patrick Maloney.

Before LESTER, C.J., and COMBS and JOHNSON, JJ.

**OPINION AFFIRMING**

JOHNSON, Judge:

This matter, arising from a will contest originally filed in February 1988, now finds itself before this Court for a second time. In the original action, appellant James Hunt Barker (Barker) was represented by the law firm of Sturgill, Turner & Truitt (the Sturgill firm) (appellee). In September 1990, approximately one week prior to the trial of the will contest, a proposed settlement was communicated by the Sturgill firm to Barker, and accepted by Barker. However, approximately one month later Barker informed the Sturgill firm that he was refusing to abide by the terms of the settlement and that he was revoking the firm's authority to execute any settlement checks received on his behalf. Barker then retained attorney Thomas Miller (Miller) and the firm of Miller, Griffin & Marks, P.S.C. (the Miller firm) (appellees) to represent his interest in the will contest.

The settlement negotiated by the Sturgill firm was held to be enforceable by the Fayette Circuit Court on December 11, 1990. The opinion of the Fayette Circuit Court was upheld by this Court on November 13, 1992. Barker's motion for discretionary review was denied by the Kentucky Supreme Court on April 14, 1993.

On May 27, 1994, Barker filed this legal malpractice action against the Sturgill firm, Miller, the Miller firm, and numerous other parties. The Sturgill firm, Miller, and the Miller firm filed motions to dismiss on several grounds, one being that Barker's complaint was barred by Kentucky Revised Statutes (KRS) 413.245, which provides a one-year statute of limitations for professional service malpractice actions. The Fayette Circuit Court granted the motions to dismiss on behalf of the appellees.

█ KRS 413.245 provides in relevant part:

[A] civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the

cause of action was, or reasonably should have been, discovered by the party injured.

The Kentucky Supreme Court interpreted this statute in *Hibbard v. Taylor,* Ky., 837 S.W.2d 500 (1992), where the attorney being sued for malpractice argued that the one-year statute of limitations began to run when the plaintiff's underlying case was dismissed on a motion for directed verdict. The plaintiff contended that the statute of limitations did not begin to run until his appeal of the entry of the directed verdict was final on the ground that his injury would be speculative in nature pending the finality of the appellate process. The Court agreed with the plaintiff, and stated:

It is evident to us that Taylor discovered his cause of action when he reasonably should have—when the result of the appeal became final and the trial court's judgment became the unalterable law of the case. Only then was Taylor put on notice that the principal damage ... was real; but more importantly, only then could he justifiably claim that the entire damage was proximately caused by counsel's failure, for which he might seek a remedy, and not by the trial court's error, for which he would have none.

*Hibbard,* 837 S.W.2d at 502.

The Court reaffirmed *Hibbard* in *Michels v. Sklavos,* Ky., 869 S.W.2d 728 (1994), noting:

Where ... the cause of action is for "litigation" negligence, meaning the attorney's negligence in the preparation and presentation of a litigated claim resulting in the failure of an otherwise valid claim, whether the attorney's negligence has caused injury necessarily must await the final outcome of the underlying case. This is the message and meaning of *Hibbard v. Taylor* (citation omitted).

*Michels,* 869 S.W.2d at 730. *See also Meade County Bank v. Wheatley,* Ky., 910 S.W.2d 233 (1995) (holding there could be no occurrence triggering KRS 413.245 until damages from attorney's negligent act became fixed and non-speculative); *Alagia, Day, Trautwein & Smith v. Broadbent,* Ky., 882 S.W.2d 121 (1994) (holding under occurrence rule that statute of limitations does not begin to run until legal harm becomes fixed and non-speculative).

Appellees claim Barker's damages, if any, became fixed and non-speculative on April 14, 1993, when the Kentucky Supreme Court denied discretionary review. Under this argument, the statute of limitations ran on April 14, 1994, and Barker's complaint was not timely filed. Barker claims that his damages became fixed and non-speculative on July 13, 1994, on the ground that he had ninety (90) days from the Kentucky Supreme Court's denial of discretionary review to file in the United States Supreme Court a petition for review on a writ of certiorari. Under his argument, the filing of his complaint on May 27, 1994, was timely. It is important to note, however, that Barker did not seek a writ of certiorari during the ninety (90) days following the order of the Kentucky Supreme Court.

We agree with the appellees that this case is controlled by the "occurrence rule" set forth in *Hibbard* and its progeny. Any damages Barker suffered as a result of any alleged malpractice of one or more of the appellees became fixed and non-speculative on the day the Kentucky Supreme Court denied discretionary review. Any occurrence happened on the finality date of the litigation. *Michels, supra,* at 730–731, 733. Thus, the one-year statute of limitations for professional service malpractice set forth in KRS 413.245 began to run on April 14, 1993.

 Limitations such as KRS 413.245 are creatures of statute which are intended by the Legislature to bring finality to the legal process. *Hazel v. General Motors Corporation,* 863 F.Supp. 435, 438 (W.D.Ky. 1994). "Thus, limitations act arbitrarily, sometimes extinguishing otherwise viable claims and at other times extinguishing speculative claims." *Id.*

Had Barker sought a writ of certiorari within the ninety-day period, the statute of limitations would have been tolled pending

the ruling of the United States Supreme Court on his petition. Thus, as Barker's complaint was not filed within one year of its occurrence as required by the statute of limitations provided by KRS 413.245, the trial court's dismissal of the complaint was required by law. The judgment of the Fayette Circuit Court is affirmed.

All concur.