Thomas William STEPHENS, Appellant,

v.

Timothy DENISON and Other Unknown Defendants Otherwise Known as Insurance Companies and Agents Providing Malpractice Type Insurance Coverage to Timothy Denison, Appellees.

No. 2000–CA–001817–MR.

Court of Appeals of Kentucky.

Dec. 28, 2001.

Thomas William Stephens, pro se, La-Grange, KY, for appellant.

Paul S. Gold, Timothy Denison, Louisville, KY, for appellee.

Before BARBER, BUCKINGHAM, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

This is an appeal by Thomas William Stephens from an order of the Jefferson Circuit Court granting summary judgment in a legal malpractice lawsuit on the basis that the cause of action was barred by the one-year statute of limitations prescribed by KRS[1] 413.245. Because the statute of limitations did not begin to run until the appeal in the underlying criminal case became final, and the lawsuit was filed within the limitations period, we reverse the order granting summary judgment and remand for a continuation of the lawsuit.

In May 1996, Stephens retained Timothy Denison to represent him in a Bullitt Circuit Court criminal case in which Stephens was charged with obtaining a controlled substance by fraud. In August 1996, the Commonwealth offered to recommend a two-year sentence and not to charge Stephens with first-degree persistent felony offender (PFO I) in exchange for a guilty plea. Stephens alleges that he was not informed of this offer until October 1997, by which time it was too late to accept the offer. On October 30–31, 1997, Stephens was tried and convicted of obtaining a controlled substance by fraud and PFO I, and on December 9, 1997, the trial court sentenced him to an enhanced term of twenty years' imprisonment. The Supreme Court affirmed the conviction in an unpublished opinion rendered on August 26, 1999; the opinion became final on September 16, 1999.

While the Supreme Court appeal was pending, on December 1, 1998, Stephens filed a legal malpractice case in Jefferson Circuit Court alleging that Denison had failed to notify him of the prosecutor's two-year plea offer and, further, that Denison ingested and was under the influence of cocaine during the October 1997 trial. Because of various procedural complications, the summons was not issued until May 26, 1999, and Denison was not served with process until June 2, 1999. On July 20, 2000, the trial court entered summary judgment in favor of Denison on the basis that the cause of action was barred by the statute of limitations. This appeal followed.

Stephens contends that the trial court improperly granted summary judgment to Denison, and that his legal malpractice claim was not barred by the statute of limitations.

In order to qualify for summary judgment, the movant must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. On appeal, the standard of review of a summary judgment is whether the trial court correctly found that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. The record must be viewed in the light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991).

■ To prevail in a legal malpractice action, a plaintiff is required to prove: 1) that there was an employment relationship with the defendant/attorney; 2) that the attorney neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar cir-

---

1. Kentucky Revised Statutes.

cumstances; and 3) that the attorney's negligence was the proximate cause of damage to the client. *Daugherty v. Runner,* Ky.App., 581 S.W.2d 12, 16 (1978). KRS 413.245 prescribes the statute of limitations for bringing a legal malpractice case and provides, in relevant part, that:

a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

The trial court, consistent with Denison's argument, determined that the statute of limitations began to run on October 31, 1997, based upon Stephens's admission that he knew no later than this date that Denison had failed to tell him about the August 1996 two-year plea offer. The trial court's conclusion, however, is unsupported by the case law interpreting KRS 413.245.

 It appears uncontested that Denison continued to represent Stephens until he was sentenced in the criminal case. Pursuant to the continuous representation rule, at the earliest, the statute of limitations began to run on December 9, 1997. *See Alagia, Day, Trautwein & Smith v. Broadbent,* Ky., 882 S.W.2d 121 (1994)(wherein our Supreme Court appears to adopt the continuous representation rule via strong dicta). However, because there was an appeal of the conviction to the Supreme Court, based upon the principles set forth in *Michels v. Sklavos,* Ky., 869 S.W.2d 728 (1994) and *Hibbard v. Taylor,* Ky., 837 S.W.2d 500 (1992), the statute of limitations did not begin to run until September 16, 1999, the date Stephens's appeal in the criminal case became final. Not until this date did Stephens's damages become fixed and nonspeculative,

and, pursuant to *Michels* and *Hibbard,* the statute of limitations does not begin to run in a legal malpractice case until damages have become fixed and nonspeculative.

In *Hibbard,* the appellant represented Taylor in an action to rescind a contract. At trial, a directed verdict was entered against Taylor. Taylor appealed, and Hibbard continued to represent him. After Taylor lost his appeal, he filed a legal malpractice lawsuit against Hibbard and Hibbard defended on the basis that the statute of limitations had expired; Taylor contended that the limitations period did not expire until the appeal became final. The Supreme Court stated:

It is evident to us that Taylor discovered his cause of action when he reasonably should have—when the result of the appeal became final and the trial court's judgment became the unalterable law of the case. Only then was Taylor put on notice that the principal damage (the adverse judgment) was real; but more importantly, only then could he justifiably claim that the entire damage was proximately caused by counsel's failure, for which he might seek a remedy, and not by the trial court's error, for which he would have none. The action against Hibbard was filed within one year after the discovery of the cause of action, and therefore satisfied KRS 413.245.

*Hibbard,* 837 S.W.2d at 502.

In *Michels,* Sklavos was discharged from his employment and sought redress for wrongful discharge. Sklavos retained Michels and Nicholas Carlin, who filed a wrongful discharge suit in circuit court. The employer removed the case to Federal Court. While the case was pending in Federal Court, Sklavos discharged Michels and Carlin and obtained Benjamin Lookofsky as his attorney. The Federal Court subsequently dismissed the case for failure to first pursue administrative remedies;

however, by then it was too late to pursue administrative remedies and Sklavos sued Michels and Carlin. Again, the Supreme Court determined that the statute of limitations did not begin to run until the outcome of the underlying case was known:

> Where, as in the present case, the cause of action is for "litigation" negligence, meaning the attorney's negligence in the preparation and presentation of a litigated claim resulting in the failure of an otherwise valid claim, whether the attorney's negligence has caused injury necessarily must await the final outcome of the underlying case....
>
> ....
>
> Thus the Court of Appeals properly recognized in the present case that until the Federal District Court dismissed the action against Pennwalt, even if Michels and Carlin were negligent in failing to first pursue an administrative remedy in the underlying claim, whether their non-action caused damages was "merely speculative." As their Opinion states, "the statute of limitations in a legal malpractice action [of this nature] shall commence upon the termination of the proceeding on which the malpractice action is based."
>
> Where litigation negligence is charged, to construe KRS 413.245 to require the filing of a malpractice claim before finality in the determination of the underlying claim, would be to construe the statute as a statute of repose rather than a statute of limitations. A statute of repose "does not function as a statute of limitations, but only to cut off claims which have not accrued within [the stat-

ed] period." *Tabler v. Wallace,* Ky., 704 S.W.2d 179, 184 (1986)....

*Michels,* 869 S.W.2d at 730.

While the primary malpractice allegation here-failure to communicate a plea offer—does not fit precisely within the definition of "litigation negligence" as defined in *Michels,* nevertheless, it is inescapable that the same principle applies.[2] Among the damages identified by Stephens in his malpractice claim were damages for mental anguish and suffering; anxiety; emotional suffering; and "a much longer Prison [sic] sentence than once offered by the Commonwealth." The damages which resulted from Denison's alleged failure to inform Stephens could not be accurately ascertained until the final consequences were known. In turn, the final consequences could not be known until the results of the appeal were known.

By way of explanation, for example, one of the issues raised in the criminal appeal was that Stephens was entitled to a directed verdict based upon an insufficiency of the evidence. If the Supreme Court agreed with Stephens and reversed his conviction, clearly the damages suffered as a result of Denison's alleged failure to communicate the plea offer would be significantly reduced vis-a-vis if the Supreme Court affirmed the conviction. In the former case, Stephens would have been entitled to his immediate freedom, while in the latter case he would remain under a twenty-year sentence. As a result of the alternative possible outcomes of the criminal appeal, until the appeal was final, damages were speculative and unfixed, and, as with *Michels* and *Hibbard,* damages could not be litigated until the outcome of the appeal was known. *See also Broadbent, supra;*

---

2. Stephens's secondary allegation regarding the use of cocaine during the trial more closely falls within the definition of "litigation negligence" as that allegation touches upon "the attorney's negligence in the preparation and presentation of a litigated claim resulting in the failure of an otherwise valid claim."

*Meade County Bank v. Wheatley*, Ky., 910 S.W.2d 233 (1995); and *Barker v. Miller*, Ky.App., 918 S.W.2d 749 (1996).

Denison contends that, for statute of limitations purposes, this lawsuit was brought on May 26, 1999, when the summons was issued by the circuit court clerk. If we accept this date, inasmuch as the Supreme Court opinion was not final until September 16, 1999, Stephens's lawsuit is not barred by the statute of limitations. We accordingly reverse the trial court's order granting summary judgment.

Finally, we note that the only issue before us is the statute of limitations matter. While we decide this issue adversely to Denison, our decision is not intended to reflect upon the merits of the allegations in this lawsuit.

For the foregoing reasons, the order of the Jefferson Circuit Court is reversed and remanded for additional proceedings consistent with this opinion.

ALL CONCUR.