## Allen LAWRENCE, Jr., Plaintiff– Appellant,

v.

## Daniel J. O'BRIEN, Defendant– Appellee.

### No. 01–6385.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

nois, sitting by designation.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

### ORDER

Allen Lawrence, Jr., a federal prisoner proceeding pro se, appeals the district court order dismissing his legal malpractice action. Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lawrence sued Daniel J. O'Brien, the Ohio attorney who acted as standby counsel during Lawrence's trial on drug, weapons, and conspiracy charges in the United States District Court for the Eastern District of Kentucky in December 1999. Lawrence alleged that O'Brien (1) had a conflict of interest; and (2) advised him to waive the right to appeal the forfeiture of his property. O'Brien moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), and Lawrence filed a response. The district court directed the parties to address the issue of "whether a criminal defendant, who has waived his constitutional right to counsel, can later have a cause of action against the attorney whose representation he rejected but who was appointed by the court to be 'standby counsel' at trial." After reviewing the record in the instant case and the record from Lawrence's pending appeal of his conviction, the district court granted summary judgment to O'Brien and dismissed the case.

In his timely appeal, Lawrence argues that: (1) the district court erred by converting O'Brien's motion to dismiss into a motion for summary judgment; (2) O'Brien failed to serve a copy of the unpublished opinion he cited as required by court rule; and (3) the district court erred by dismissing the case because O'Brien had an attorney-client relationship with Lawrence.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to O'Brien. In the criminal case, Lawrence was first represented by James Lowry and O'Brien was permitted to participate as co-counsel pro hac vice. Lowry moved to withdraw, and Patterson DeCamp entered an appearance as local counsel. Lawrence moved to appear as "co-counsel" with O'Brien. After a hearing, the court denied Lawrence's written motion to appear as "co-counsel," granted

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

his oral motion to proceed pro se with O'Brien serving as standby counsel, and relieved DeCamp as local counsel. The judge specifically directed that O'Brien would not be permitted to participate in the trial of the case. The jury convicted Lawrence of all seven counts of the indictment against him, and the court ordered Lawrence to forfeit more than $190,000 of cash, vehicles, jewelry, and firearms.

O'Brien was entitled to a judgment as a matter of law because Lawrence did not establish the elements of a legal malpractice claim. *See Stephens v. Denison,* 64 S.W.3d 297, 298–99 (Ky.Ct.App.2001). First, Lawrence did not establish that he had an employment relationship with O'Brien. It is undisputed that Lawrence chose to proceed pro se in his criminal trial, and that O'Brien was only standby counsel who was not permitted to participate in the trial of the case. *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In the post-conviction context, a defendant cannot waive his right to counsel and then complain about the quality of his own defense. *Id.; Gall v. Parker,* 231 F.3d 265, 320 (6th Cir.2000), *cert. denied,* 533 U.S. 941, 121 S.Ct. 2577, 150 L.Ed.2d 739 (2001); *United States v. Smith,* 907 F.2d 42, 45 (6th Cir. 1990). Similarly, Lawrence cannot reject O'Brien's representation before trial and then complain that O'Brien had a duty to represent him.

Moreover, even if O'Brien had an attorney-client relationship with Lawrence at the time of trial, Lawrence presented no evidence beyond his own allegations that O'Brien gave him faulty legal advice or that the advice was the proximate cause of the forfeiture of Lawrence's property. *See Ray v. Stone,* 952 S.W.2d 220, 224 (Ky.Ct. App.1997). Because Lawrence did not establish any of the elements of a legal malpractice claim, O'Brien was entitled to

summary judgment. *See Stephens,* 64 S.W.3d at 298–99.

We have considered Lawrence's arguments on appeal and conclude that they are without merit.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.