**Dennis G. BRYANT, Appellant,**

v.

**Jack C. HOWELL, Appellee.**

**No. 2004–CA–000052–MR.**

Court of Appeals of Kentucky.

Aug. 5, 2005.

Dennis G. Bryant, West Liberty, KY, for Appellant.

No brief for Appellee.

Before HENRY, McANULTY and MINTON, Judges.

*OPINION*

HENRY, Judge.

Dennis Bryant appeals *pro se* from the order of the Campbell Circuit Court dismissing his legal malpractice action as time-barred. We affirm.

On June 8, 1999, Bryant, with the advice of his retained counsel Jack Howell, entered a plea of guilty to one count of Assault in the First Degree in violation of KRS [1] 508.010, and was sentenced to ten

---

1. Kentucky Revised Statute.

years' imprisonment. Assault in the First Degree is a Class B felony punishable by a term of ten to twenty years in the penitentiary. KRS 508.010(2), 532.060(2)(b). As a result of the plea agreement negotiated by Howell, the second count of the indictment, charging Bryant with being a Persistent Felony Offender in the Second Degree, was dismissed. If Bryant had been convicted of both Assault in the First Degree and of being a Persistent Felony Offender in the Second Degree, he would have been ineligible for probation, shock probation, conditional discharge or parole, (except as provided in KRS 439.3401(3)[2]), and he could have received a sentence of life imprisonment. KRS 532.080(6)(a).

Although in view of the possible outcomes a ten-year sentence might seem quite reasonable, Bryant, upon reflection, became displeased. His dissatisfaction with Howell's representation springs from his apparent belief that he was entitled to be released on his Kentucky charges because he claims that he was not given an extradition hearing or a pre-transfer hearing in either Kentucky or Ohio. Those matters do not directly concern the present action, and we will not discuss them further.

The circuit court dismissed the case on the ground that it is barred by KRS 413.245, the statute of limitations applicable to professional service malpractice. That statute says:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

The circuit court found that Bryant alleged in his pleadings that the acts of legal malpractice complained of occurred between March 17 and July 20, 1999. Final sentencing was held on July 20, 1999, and no appeal was filed. The complaint in this action was filed on June 28, 2003. The circuit court noted that in his pleadings, Bryant cited *Stephens v. Denison*, 64 S.W.3d 297 (Ky.App.2001) in support of his claim that the action is not barred by the statute. The court merely noted that *Stephens* "is inapposite in the instant case where no appeal was, in fact, filed." Before this Court Bryant argues that the statute was tolled by the filing of a state habeas corpus petition, which he says is now before the United States Supreme Court on a petition for a Writ of Certiorari. No copy of the habeas corpus petition or any of the subsequent pleadings was appended to Bryant's brief as an exhibit in this case.

*Stephens*, which also involved a suit alleging legal malpractice arising out of a criminal conviction, holds that the statute of limitations does not begin to run until such time as damages have become fixed and non-speculative; that is, until the outcome of an appeal of the conviction is final. *Id.* at 299–301.

Bryant does not argue that his direct appeal is not final. Instead, he points out that his habeas corpus petition is not yet final, and leaves it to this Court to extrapo-

---

**2.** KRS 439.3401, the "violent offender" statute, provides that persons convicted of a Class B felony who are classified as "violent offenders" are not eligible for parole until they have served 85% of their sentence.

late his argument that for purposes of tolling the statute of limitations for attorney malpractice, a pending habeas corpus petition is the same as a pending appeal. This narrow question appears to be one of first impression in Kentucky.

In support of his position that the statute of limitations is tolled by the filing of a petition for habeas corpus relief, Bryant cited *Stephens*, KRS 453.190 and KRS 31.110(2), *Michels v. Sklavos*, 869 S.W.2d 728 (Ky.1994), *Hibbard v. Taylor*, 837 S.W.2d 500 (Ky.1992), KRS 413.245 and KRS 413.140. KRS 453.190 discusses the requirements for proceeding with litigation *in forma pauperis;* KRS 31.110(2) discusses the appointment of counsel for needy persons; KRS 413.245 is the statute of limitations for professional service malpractice, set out above, and KRS 413.140, cited in the body of KRS 413.245, refers to additional actions to be brought within a year. We have been unable to discern any specific reason for the citation of the listed statutory provisions in this part of Bryant's brief, as no argument or discussion follows their citation. The cited cases, *Michels* and *Hibbard*, are not at odds with the holding of *Stephens*, and are cited and extensively discussed along with other cases, notably *Alagia, Day, Trautwein and Smith v. Broadbent*, 882 S.W.2d 121 (Ky.1994), in *Faris v. Stone*, 103 S.W.3d 1 (Ky.2003). In *Faris* the appellant, Donna Faris, discovered her claim for attorney malpractice in August, 1995, but failed to file an action on the claim until November 1997. She had, however, filed a motion under CR [3] 60.02, seeking to reopen the underlying divorce case in June 1996, less than one year after discovery of the malpractice claim. Donna argued that her divorce action did not become "fixed and non-speculative" until the denial of her CR 60.02 motion. The circuit court

agreed, and held that the filing of the CR 60.02 motion tolled the running of the statute of limitations on Donna's malpractice claim. This Court reversed the circuit court's decision, and the Supreme Court affirmed. After discussing the leading cases in this area, cited above, the Supreme Court noted that CR 60.02

> is not a part of the normal progression of litigation, but is an extraordinary procedure whereby a collateral attack is made upon a judgment upon specific grounds set forth in the rule. As such, a CR 60.02 claim is not of the same character as an appeal of right or a motion for discretionary review. It is separate and distinct from the main case, and a party may not use it as a means to extend a statutory period.

*Id.* at 4. The Court then went on to observe that "in malpractice cases in which the underlying negligence occurred during the course of formal litigation, Kentucky decisional law has consistently held that the injury becomes definite and non-speculative when the underlying case is final." *Id.* at 5.

Like the remedy provided by CR 60.02, habeas corpus is "an extraordinary remedy which is available only when relief by the usual legal processes is inadequate". *Gray v. Wingo*, 423 S.W.2d 517, 519 (Ky.1968), *citing Smith v. Henson*, 298 Ky. 182, 182 S.W.2d 666 (1944). A petition for the writ constitutes a collateral attack on the judgment. *Braden v. Lady*, 276 S.W.2d 664, 666 (Ky.1955). We think that for the purpose of its effect on KRS 413.245, a petition for a writ of habeas corpus following a criminal conviction is indistinguishable from CR 60.02.

As the Kentucky Supreme Court observed in *Faris*, if the pendency of a CR 60.02 motion extended the statute of limi-

---

**3.** Kentucky Rules of Civil Procedure.

tations where the malpractice is alleged to have occurred in the underlying litigation, statutes of limitations would be rendered meaningless, because several sections of CR 60.02 are without any time limit. *Faris* at 4. The same reasoning applies with equal force to the filing of a petition for a writ of habeas corpus in a criminal case. Therefore, we affirm.

ALL CONCUR.