Christopher **APPLEGATE**, Appellant

v.

**DICKMAN LAW OFFICES, P.S.C. and Paul J. Dickman, Appellees**

NO. 2014–CA–002031–MR

Court of Appeals of Kentucky.

DECEMBER 22, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Christopher D. Roach, Covington, Kentucky

BRIEF FOR APPELLEES: Robert E. Sanders, Covington, Kentucky

BEFORE: MAZE, TAYLOR, AND VANMETER, JUDGES.

OPINION

VANMETER, JUDGE:

Christopher Applegate appeals from a Kenton Circuit Court order dismissing with prejudice his malpractice action against Paul J. Dickman and Dickman Law Offices, P.S.C. (collectively "Dickman"). At issue is whether the trial court correctly held that Applegate's claims against Dickman are barred by the operation of the statute of limitations, KRS[1] 413.245. Applegate contends that his claim was timely because the limitations period did not begin to run until the trial court granted his petition for a writ of habeas corpus in the underlying criminal action.

On June 24, 2010, the Kenton County Grand Jury returned an indictment charging Applegate with twenty counts of possession of matter portraying a sexual performance by a minor; one count of sexual abuse in the first degree; one count of distribution of matter portraying a sexual performance by a minor; and one count of distribution of obscene matter to minors.

Applegate retained Dickman as his counsel to represent him in the case. On January 11, 2011, on Dickman's advice, Applegate entered a guilty plea to two counts of possession of matter portraying a sexual performance by a minor. The remainder of the charges were dismissed. On May 27, 2011, he was sentenced to serve two consecutive four-year terms of imprisonment in accordance with the terms of his plea agreement.

On March 5, 2013, Applegate, who was incarcerated in Muhlenberg County, filed a petition for a writ of habeas corpus in the Muhlenberg Circuit Court, alleging that the plea and sentence were based upon an unconstitutional ex post facto application of the law. According to the indictment, the charges against Applegate stemmed from acts he committed prior to June 8, 2006. The statute defining possession of matter portraying a sexual performance by a minor, KRS 531.335, classified the offense as a Class A misdemeanor at the

---

1. Kentucky Revised Statutes.

time Applegate violated the statute. The indictment, however, incorrectly designated the offense as a Class D felony. The offense was not elevated to a Class D felony until a legislative amendment which became effective on July 12, 2006.[2] The indictment also incorrectly described the remainder of the charges, except sexual abuse in the first degree, as Class D felonies; the sexual abuse in the first degree charge was described as a Class C felony although it was a Class D felony at the time the offenses were committed. The misdemeanor charges carried a maximum penalty of twelve months, KRS 532.110(b), and Applegate also contended that the statute of limitations had run on the misdemeanors. *See* KRS 500.050(1) (stating that "the prosecution of an offense other than a felony must be commenced within one (1) year after it is committed[ ]"). The Muhlenberg Circuit Court issued the writ and Applegate was released on April 18, 2013.

On April 17, 2014, Applegate and Dickman entered into a Conditional Tolling Agreement, by which Dickman agreed to "extend any applicable statute of limitations that has not already expired as of the date of my execution of this Conditional Tolling Agreement, to the date of June 2, 2014." Applegate filed suit against Dickman on June 2, 2014, alleging malpractice. Dickman filed a motion to dismiss, on the grounds that the statutory limitations period had expired, at the very latest, on March 5, 2014, one year after the date Applegate filed the petition for the writ. Dickman contended that Applegate was aware when he drafted the writ of the same facts that supported his current claim for malpractice.

Applegate responded that the filing of the petition for the writ of habeas corpus tolled the limitations statute, and that his claim did not ripen until the date the writ was actually issued.

■■■ The trial court granted the motion to dismiss on the grounds that a collateral attack on a criminal conviction does not toll the statute of limitations on a claim of legal malpractice against a criminal defense attorney. This appeal by Applegate followed.

A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved.... Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky. 2010) (internal citations and quotation marks omitted).

■■■ The applicable statute of limitations provides that

a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

KRS 413.245.

The trial court found the date of the occurrence of the malpractice to be Janu-

2.  2006 Ky. Acts ch. 182, § 39.

ary 28, 2011, when Applegate entered his guilty plea based on the erroneous advice and belief that the charges against him constituted felonies rather than misdemeanors. The trial court further found that Applegate reasonably discovered his cause of action on the date he filed his petition for a writ of habeas corpus, March 5, 2013. His malpractice action was filed on June 2, 2014. The court concluded that, under either scenario, the action was time-barred under the statute.

Applegate argues, in reliance on *Stephens v. Denison*, 64 S.W.3d 297, 299 (Ky. App. 2001), that the period of limitation was tolled until such time as his damages became fixed and non-speculative, which he contends occurred on April 18, 2013, the date on which the Muhlenberg Circuit Court granted his petition for the writ of habeas corpus. In *Stephens*, the appellant alleged that his attorney failed timely to communicate an advantageous plea offer from the Commonwealth of a two-year sentence and dismissal of a Persistent Felony Offender charge. Instead, the appellant went to trial and received an enhanced sentence of twenty years. He brought a malpractice action against the attorney more than one year after the date of final sentencing in his case, while his appeal before the Kentucky Supreme Court was pending. The trial court dismissed the action as untimely, but the Supreme Court reversed, holding that the statute of limitations did not begin to run until the date the appeal was fully resolved because "[n]ot until this date did [the appellant's] damages become fixed and nonspeculative, and ... the statute of limitations does not begin to run in a legal malpractice case until damages have become fixed and non-speculative." *Stephens*, 64 S.W.3d at 299.

Applegate argues that the avenue of direct appeal was not open to him, and the only means by which he could seek relief in his case was via a petition for a writ of habeas corpus. But in the absence of a direct appeal, the judgment in his case did become final thirty days after his final sentencing. *See* CR [3] 73.02(1)(a). His petition for a writ was a collateral attack on that judgment. In *Faris v. Stone*, 103 S.W.3d 1 (Ky. 2003), the Kentucky Supreme Court held that the filing of a collateral attack pursuant to CR 60.02 does not toll the statute of limitations in a malpractice action. The *Faris* Court reasoned as follows:

> We begin with the observation that CR 60.02 is not an appellate vehicle. It is not a part of the normal progression of litigation, but is an extraordinary procedure whereby a collateral attack is made upon a judgment upon specific grounds set forth in the rule. As such, a CR 60.02 claim is not of the same character as an appeal of right or a motion for discretionary review. It is separate and distinct from the main case, and a party may not use it as a means to extend a statutory period. If it were otherwise, statutes of limitation would pass into nonexistence because CR 60.02(d), (e), and (f) are without any outer limits with respect to time. As such, a party could always bring a CR 60.02 motion and thereby revitalize a time-barred claim. Statutes of limitation are arbitrary and unfair, but they represent a policy decision made by the legislative branch of government that after the passage of specified periods of time, claims are not viable. The policy-making branch of government has determined that the value in prevention of stale claims outweighs the detriment inflicted upon a tardy litigant.

*Faris*, 103 S.W.3d at 4 (footnotes and internal citations omitted).

**3.** Kentucky Rules of Civil Procedure.

In *Bryant v. Howell*, 170 S.W.3d 421 (Ky. App. 2005), a panel of this Court extended the reasoning of *Faris* to a petition for a writ of habeas corpus, stating,

> Like the remedy provided by CR 60.02, habeas corpus is "an extraordinary remedy which is available only when relief by the usual legal processes is inadequate". *Gray v. Wingo*, 423 S.W.2d 517, 519 (Ky.1968), *citing Smith v. Henson*, 298 Ky. 182, 182 S.W.2d 666 (1944). A petition for the writ constitutes a collateral attack on the judgment. *Braden v. Lady*, 276 S.W.2d 664, 666 (Ky.1955). We think that for the purpose of its effect on KRS 413.245, a petition for a writ of habeas corpus following a criminal conviction is indistinguishable from CR 60.02.

*Bryant*, 170 S.W.3d at 423.

■ We see no reason to deviate from our reasoning in *Bryant*. Thus, the one-year period began to run when Applegate's conviction was final. Even if we apply the discovery rule contained within KRS 413.245, one year "from the date when the cause of action was, or reasonably should have been, discovered by the party injured[,]" the date of discovery was certainly no later than the date Applegate filed his petition for a writ. *See Faris*, 103 S.W.3d at 5 (stating "[a]s Ms. Faris was not aware of the alleged malpractice at this time, the date of discovery governs commencement of the limitation period. Thus, the one-year period began when she learned that her case had been negligently practiced[ ]"). At that point certainly, Applegate's damages had become fixed and nonspeculative because his sentence, notwithstanding that it was based on a misapprehension of the law, had long before become final.

Applegate attempts to distinguish his case factually and procedurally from *Bryant*, arguing that the *pro se* appellant in *Bryant* had a less meritorious case than his and did not articulate a constitutionally significant basis for his petition for a writ of habeas corpus. He contends that under the unique facts of his case, which he characterizes as a judgment of conviction that was void *ab initio*, the filing of a petition for a writ of habeas corpus was part of the normal progression of litigation, akin to a direct appeal, and that he did not use the habeas process to extend the statutory limitations period. Nonetheless, the fact remains that the petition for a writ was a collateral attack on the judgment which brings it solidly within the purview of *Faris* and *Bryant*.

■ A prisoner indisputably has the "right to an expeditious release through habeas corpus when it is patently obvious he is being unlawfully detained." *Commonwealth v. Marcum*, 873 S.W.2d 207, 210 (Ky. 1994). Applegate used the remedy of a petition for a writ precisely because he claimed to discover that he was being unlawfully detained as a result of his attorney's misadvice. Under the terms of KRS 413.245, this discovery commenced the running of the one-year limitations period.

For the foregoing reasons, the Kenton Circuit Court's order of dismissal is affirmed.

ALL CONCUR.