RENDRED:  FEBRUARY 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0522-MR

CITY OF RICHMOND, KENTUCKY                                        APPELLANT

v.
APPEAL FROM MADISON CIRCUIT COURT
HONORABLE DAVID M. WARD, JUDGE
ACTION NO. 19-CI-00422

INTEGRATED ENGINEERING,
PLLC; HARSHA WIJESIRI; AND
SMITH CONTRACTORS, INC.                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  City of Richmond, Kentucky appeals from a

March 28, 2023 order of the Madison Circuit Court granting summary judgment in

favor of Integrated Engineering, PLLC, Harsha Wijesiri, and Smith Contractors,

Inc.  Appellant argues that the circuit court erred in its application of the statute of

limitations in favor of Appellees.  It also argues that the question of when the

action accrued should have been submitted to a jury, and that the court erred in

holding that Integrated Engineering was not equitably estopped from asserting a statute of limitations defense. Appellant requests an opinion reversing the order of summary judgment. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2009, City of Richmond engaged Integrated Engineering and one of its principals, Harsha Wijesiri, to provide engineering services to the city. Richmond and Integrated Engineering began a flood mitigation project that centered on Water Street in downtown Richmond. Integrated Engineering subsequently began oversight of the design, installation, and repair of streets, street pavers, and storm sewers to address surface and sub-surface water issues in the area.

"Phase 1" of the project began in 2013 or 2014, with the installation of permeable pavers on Water Street. Granular fill material was used between the pavers to allow surface water to drain into the ground. This phase was completed in late 2015 or early 2016.[1]

Soon thereafter, and no later than March 3, 3016, Richmond's Construction Site Inspector, Daniel Winkler, documented problems with the paver

---

[1] Though Richmond engaged Integrated Engineering in 2009, the relationship was not formalized until September 21, 2015.

installation. Specifically, Winkler noted that the pavers were buckling, separating, and moving. In addition, he noted that some of the pavers were missing. He also observed that some of the fill material between the pavers was missing. Winkler emailed Integrated and Wijesiri about the problem and included photographs, and copied the email to Richmond's Planning and Zoning Director, Jason Hart.

The following month, representatives from all interested parties met on-site to examine the pavers. Thereafter, repairs to the pavers and fill material were undertaken. For the following three years, Richmond continued to have ongoing problems with the pavers as the base settled and the pavers and fill material continued to shift or migrate. During this period, Integrated worked with Richmond to address the problem, but was largely unsuccessful.

On May 2, 2018, a City Commissioner emailed the Mayor, City Manager, and the full Commission with a photograph of the displaced pavers, and inquired whether the construction team could be held accountable. A series of communications followed, culminating in Richmond terminating its relationship with Integrated in October 2018.

In early 2019, Richmond contacted Bell Engineering to investigate the ongoing problem with the pavers and related drainage system. Bell Engineering dug test pits where the pavers were installed, and opined in April 2019, that

Integrated's design of the paver system and use of below-grade materials were the cause of the ongoing problems with the pavers on Water Street.

On June 11, 2019, Richmond, Integrated, and Wijesiri entered into a tolling agreement regarding the work of the contractor and Integrated Engineering's work on the project. One month later, on July 11, 2019, Richmond terminated the tolling agreement. It then filed the instant action in Madison Circuit Court asserting claims of professional negligence, breach of contract, and breach of fiduciary duty.

Shortly thereafter, Integrated filed a motion for summary judgment, arguing that Richmond's claims were untimely per the one-year period of limitation set out in Kentucky Revised Statutes ("KRS") 413.245. Richmond raised various arguments in opposition to the motion, including its contention that the period of limitation should not commence until Integrated stopped representing Richmond. The Madison Circuit Court initially denied the motion, noting that the parties should engage in discovery to ascertain when the cause of action accrued and whether any tolling of the statutory period occurred.

After discovery was conducted, Integrated filed another motion for summary judgment based on the statute of limitations. The circuit court entered an order granting Integrated's motion on March 28, 2023. In support of the order, the circuit court determined that Richmond's cause of action accrued no later than

May 2, 2018, when multiple individuals within Richmond city government were aware of the problem and questioned whether it was possible to hold anyone accountable. The court also determined that the one-year period of limitation set out in KRS 413.245 applied; that Richmond's engagement of Bell Engineering did not toll the running of the statute; and, that Integrated's continuous representation did not allow Richmond to avoid the obligation to investigate and determine the cause of the harm it was experiencing. It also found that Integrated was not estopped from asserting a limitation defense. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not

-5-

succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Richmond argues that the Madison Circuit Court erred in granting Appellees' motion for summary judgment. While acknowledging that the one-year statute of limitations applies to its negligence claim against Integrated, it first asserts that the circuit court erred in failing to apply the continuous representation rule to toll the statute of limitations to Richmond's negligence, breach of contract, and breach of fiduciary duty claims. Citing *Gill v. Warren*, 751 S.W.2d 33 (Ky. App. 1988), Richmond argues that the continuous representation rule tolls the statute of limitations and defers accrual of the cause of action while the professional continues to provide services that relate to the same transaction or subject matter as the allegedly negligent acts. It argues that Integrated's ongoing professional services provided to Richmond during the relevant period operated to defer the accrual of Richmond's cause of action by tolling the statute of limitations. It argues that deferring the accrual of its cause of action is proper and fair under the circumstances because Richmond continued to work with Integrated

-6-

to resolve the problems with the pavers by reasonably relying on Integrated's professional advice. It asserts that the Madison Circuit Court erred in failing to so rule.

In examining this issue, the circuit court determined that the application of the continuous representation rule is limited to attorney-client or similar professional relationships, where the professional has undertaken the role of fiduciary to the aggrieved party. Directing our attention to *Harrison v. Valentini*, 184 S.W.3d 521 (Ky. 2005), Richmond notes that the rule has also been applied to physician-patient relationships.

The question for our consideration is whether the continuous representation rule should be extended from attorney and medical malpractice claims to include providers of professional engineering services. We agree with the Madison Circuit Court that there is some merit to Richmond's argument. That is to say, one may reasonably argue that an aggrieved party's reliance on the advice of a professional service provider should toll the running of the statutory period, especially where the grievance may have resulted from the professional service provider's negligence or malfeasance. Further, the circuit court properly noted that it seems unfair to allow the service provider to benefit from a delay that it had a hand in causing, even if in doing so that party was well-intentioned. The contrary argument is that tolling the statutory period under these circumstances places the

accrual of the cause of action in the hands of the aggrieved party, rather than fixing it at a certain date when the aggrieved party knew or should have known of the grievance.

After careful review of the record and the law, we decline to extend the continuous representation rule to engineering or other professional services. The rule was first recognized by the Kentucky Supreme Court in *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121 (Ky. 1994), *overruled in part by Wolfe v. Kimmel*, No. 2022-SC-0070-DG, 2023 WL 5444429 (Ky. Aug. 24, 2023), which narrowly limited its application to legal malpractice claims.[2] In *Valentini*, *supra*, the high Court extended its application to medical malpractice claims. We are constrained by *stare decisis* and the extant case law, though not slavishly so. *See Calloway County Sheriff's Dept. v. Woodall*, 607 S.W.3d 557, 568 (Ky. 2020).

The reasoning in support of the rule, as set out in *Valentini*, is equally applicable to the instant facts. Nevertheless, we believe an expansion of the rule first adopted by the Kentucky Supreme Court and later extended by it should properly occur, if at all, in that Court. Accordingly, we decline to extend the continuous representation rule to the instant facts.

---

[2] In *Broadbent*, the continuous representation rule was recognized only via "strong dicta." *See Stephens v. Denison*, 64 S.W.3d 297, 299 (Ky. App. 2001). Dissenting in *Valentini*, *supra*, Justice Roach argued that the majority in *Broadbent* never adopted the continuous representation rule and the General Assembly's discovery rule should not be expanded via judicial fiat. Though not expressly adopted in *Broadbent*, subsequent case law has treated the continuous representation rule as having its genesis in *Broadbent*.

Richmond next argues that the circuit court erred in ruling that its breach of contract and breach of fiduciary duty claims are subject to the one-year period of limitation set out in KRS 413.245. It directs our attention to KRS 413.235, which it contends provides for a fifteen-year period of limitation for breach of contract claims. In addition, while noting that there is no specific statute of limitations for breach of fiduciary duty claims, it argues that the five-year limitation set forth in KRS 413.120(7) applies to such claims.

KRS 413.245 states,

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

KRS 413.245 provides a one-year period of limitation to claims arising from the providing of professional services, whether brought in tort or contract. The Madison Circuit Court determined that Richmond's claims against the defendants arose out of an allegation that Integrated committed an act or omission in rendering, or failing to render, professional engineering services, thus implicating the one-year statutory period. We agree. We are not persuaded by Richmond's argument that Integrated's hiring of Tom Morrow, who is not a

professional engineer, properly removes Richmond's claim from the application of KRS 413.245.

In addition, though Appellant directs our attention to what it claims is KRS 413.235, no such provision exists in the Kentucky Revised Statutes. Further, Appellant's reference to the five-year period of limitation set out in KRS 413.120(7) is misplaced, as it applies only to an action on "a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note[.]" The facts before us contain no reference to a bill of exchange, check, draft or order, nor promissory note. The Madison Circuit Court properly applied the one-year statute of limitations set out in KRS 413.245, and we find no error on this issue.

Richmond next argues that the date when its claim accrued was a question of fact which should have been decided by a jury. It notes that Integrated argued the action accrued on March 3, 2016, whereas Richmond argued that the action accrued on October 12, 2018, when Integrated parted ways with Richmond.

The Madison Circuit Court determined that Richmond's action accrued "not later than May 2, 2018," when several city officials exchanged emails contemplating litigation against Integrated. The record reasonably supports the circuit court's finding that Richmond's action accrued no later than this date, as it is uncontroverted that city officials were openly discussing whether someone could be held accountable for the issues with the pavers and water mitigation. We do not

characterize the date of accrual as a genuine issue of material fact sufficient to

overcome Appellees' motion for summary judgment, and find no error.

Lastly, Richmond argues that the circuit court erred in holding that

Integrated was not equitably estopped from asserting a statute of limitations

defense.

> The essential elements of equitable estoppel are[:]  (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts.  And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Sebastian-Voor Props., LLC v. Lexington-Fayette Urban County Gov't*, 265

S.W.3d 190, 194-95 (Ky. 2008) (citation omitted).

Richmond contends that Integrated falsely represented and concealed

material facts about the cause of the paver failure.  It argues that the circumstances

permit an inference that Integrated knew or should have known about its role in

-11-

causing the paver failure. It is on this basis that it contends that Integrated's false representation should prevent it from relying on a statute of limitations defense.

We agree with the Madison Circuit Court that the record contains no evidence of an essential element to a claim of estoppel, to wit, a material misrepresentation by the alleged wrongdoer. Further, Richmond cannot demonstrate that it had a lack of knowledge nor lacked "the means of knowledge of the truth as to the facts in question[.]" *Id.* at 494 (quoting *Weland v. Bd. of Trs. of Ky. Ret. Sys.*, 25 S.W.3d 88, 91 (Ky. 2000)). As noted by the circuit court, Richmond did not lack the means of acquiring the knowledge of the truth of the facts in question – that being the cause of the paver failure. It demonstrated this means by hiring Bell Engineering, albeit after a delay of several years. Richmond cannot demonstrate that Integrated should be estopped from asserting a statute of limitations defense, and the Madison Circuit Court properly so found.

## CONCLUSION

The Madison Circuit Court properly declined to expand the continuous representation rule to include engineering and other professional services. It correctly applied the one-year statute of limitations to a professional services claim; properly determined that Richmond's action accrued no later than May 2, 2018, when city officials discussed holding someone accountable; and, correctly held that Integrated was not estopped from asserting a statute of

-12-

limitations defense.  The Madison Circuit Court did not err in concluding that there were no genuine issues as to any material fact and that Appellees were entitled to judgment as a matter of law.  *Scifres*, *supra*.  For these reasons, we affirm the March 28, 2023 order of the Madison Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Scott M. Guenther
Jeffrey C. Mando
Daniel E. Linneman
Covington, Kentucky

BRIEF FOR APPELLEES:

Kyle S. Schroader
Cassidy R. Rosenthal
Megan K. George
John N. Billings
Zachary G. Cato
Lexington, Kentucky